Filed 7/14/16  P. v. Martinez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO MENDOZA MARTINEZ,<br><br>    Defendant and Appellant. | H042708<br>(Monterey County<br>Super. Ct. No. SS150651A) |

Defendant Ricardo Mendoza Martinez was charged by information with one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), count 1),[1] one count of possession of a firearm by a felon (§ 29800, subd. (a)(1), count 2), and one count of unlawful possession of ammunition (§ 30305, subd. (a)(1), count 3).  The information also alleged, as to counts 1 and 2, that Martinez personally used a firearm and personally inflicted great bodily injury on the victim in connection with those offenses. (§§ 12022.5, subd. (a), 12022.7, subd. (a).)  Finally, the information alleged that, as to counts 1, 2, and 3, that Martinez had suffered two prior felony convictions.  (§ 1170.12, subd. (c)(2).)

A jury convicted Martinez of count 2 and count 3, and acquitted him on count 1. The jury also found not true the allegations that Martinez personally used a firearm and personally inflicted great bodily on the victim in connection with count 1.[2]  In a

---

[1] Unspecified statutory references are to the Penal Code.

[2] During trial, the prosecution struck these allegations with respect to count 2.

bifurcated proceeding, the trial court found true the allegation that Martinez had suffered two prior felony convictions. Martinez was sentenced to six years on count 2 (upper term of three years doubled under § 1170.12, subd. (c)(2)) and the trial court imposed, but stayed, a consecutive term of eight months (one third the middle term of two years) on count 3.

We appointed counsel to represent Martinez in this court. Appointed counsel filed an opening brief which states the case and the facts, but raises no specific issues. We notified Martinez of his right to submit written argument in his own behalf within 30 days. That period has elapsed, and we have received no written argument from Martinez.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2013, Frank Hewitt was working at the Uni-Kool Partners produce warehouse on West Market Street in Salinas, which is located near the railroad tracks. A man walked up to the office where Hewitt was working, and asked Hewitt to call 911 because he had been shot. The man waited out front for the police and emergency medical responders to arrive. Hewitt did not hear any gunshots that morning.

Detective Kenneth Schwener was dispatched to the Uni-Kool warehouse and, on his arrival, saw the victim sitting on the ground outside being attended to by emergency medical responders. Schwener looked at the victim's right arm and saw that he had been shot through the forearm, with the bullet exiting near the wrist.

Officer Oscar Dydasco responded to the scene around 8:30 a.m. to assist other officers by taking photographs of the crime scene. When he arrived, he observed paramedics treating the victim and Dydasco took photos of the victim's injury. Based on his training and experience, Dydasco believed the wound to be a gunshot wound. Dydasco searched the area including the railroad tracks and discovered a .22-caliber bullet casing.

2

Officer Jared Dominici responded to the scene at about 8:30 a.m. to assist other officers in investigating the shooting. Later that day, Dominici responded to a report that a vehicle belonging to a suspect in the shooting had been located near 311 Archer Street. Dominici assisted other officers in searching that vehicle, a silver Buick sedan. In the trunk, Dominici found a case containing a loaded silver .22-caliber Ruger semiautomatic weapon. Dominici also located several types of controlled substances in the trunk and the passenger compartment of the car.

Schwener conducted a recorded interview with Martinez at the police department following his arrest. At the outset of the interview, which was played for the jury, Schwener informed Martinez he was under arrest for attempted murder, and read him his *Miranda*[3] warnings. Martinez said, he had slept in his car the night before the shooting, and at about 8:00 or 8:30 a.m., he saw the victim, who owed him about $100. Martinez said the victim had owed him this money for about three months and kept saying he would repay him, but never did. Martinez confronted the victim by the railroad tracks, near the warehouses.

When Schwener asked Martinez why he shot the victim, Martinez initially seemed surprised, but then admitted he shot him because the victim would not repay what he owed. Martinez denied having any intent to kill the victim, explaining he shot him "in the hand." Martinez said he only fired once, then told the victim "You're not hurt bad or nothing. So go get my money."

Martinez told Schwener he was given the gun about two or three months before the shooting. It was a grey and black .22-caliber weapon that he kept in a silver suitcase in the trunk of his car.

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

Schwener asked Martinez about the methamphetamine they found in his car. Martinez again seemed surprised at first, asking if Schwener was kidding. He then immediately said "I take full responsibility" for everything found in the car.

The parties stipulated that Martinez had been convicted of a prior felony. The parties also stipulated that the district attorney's office had charged a third party with possession of the narcotics that were found in Martinez's vehicle and that the third party, following a plea of no contest, was found guilty of that charge.

The jury acquitted Martinez on count 1, but found him guilty on counts 2 and 3. In a bifurcated proceeding, the trial court found true the allegations that Martinez had two prior felony convictions. The trial court subsequently sentenced Martinez to the upper term of three years, doubled to six years pursuant to section 1170.12, subdivision (c)(2), on count 2. As to count 3, the trial court imposed and stayed a consecutive eight month sentence (one-third the middle term). Martinez was awarded a total of 1,300 days of custody credits, consisting of 650 days actual credits plus 650 days of conduct credits. The trial court ordered Martinez to pay a $600 restitution fine (§ 1202.4, subd. (b)) and an additional $600 restitution fine was imposed but stayed pending successful completion of parole (§ 1202.45). Martinez was further ordered to pay a court operations assessment of $80 (§ 1465.8, subd. (a)(1)) and a court facilities assessment of $60 (Gov. Code, § 70373).

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

## II.     DISPOSITION

The judgment is affirmed.

4

                                                  _____
                                                  Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.

People v. Martinez
H042708